IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Melissa Cowles, Tammy Clark, and Becky Brooks, on behalf of themselves and all other plaintiffs similarly situated known and unknown, | ) ) ) ) ) | Case No.:16 C 7876 |
| Plaintiffs, | ) ) ) | |
| | ) | Judge: |
| v. | ) ) | |
| Big Apple Joliet, Inc., Pete l/n/u, individually, | ) ) ) | Magistrate Judge: |
| Defendants. | ) ) | |

**COLLECTIVE ACTION COMPLAINT**

Plaintifs, MELISSA COWLES, ("Cowles") TAMMY CLARK, ("Clark") and BECKY BROOKS, ("Brooks"), individually and on behalf of persons similarly situated, state as follows as their Collective Action Complaint against Defendants, Big Apple Joliet, Inc. ("Big Apple") and Pete whose last name is unknown, individually ("Pete"):

**Nature of the Action**

1. This case involves wage theft and specifically the Defendants' practice of shaving time off of the pay that is owed to their low wage employees. Plaintiffs bring this collective action claim for unpaid wages and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq.* and the Illinois Wage Payment and Collection Act, 820 ILCS 115 for Defendants' refusal to pay Plaintiffs and similarly situated employees their full wages. Defendants' unlawful compensation practices have had the effect of denying Plaintiffs their lawfully earned and living wages. Plaintiffs bring

-1-

-2-

this FLSA claim pursuant to 29 U.S.C. § 216(b) and their state law claims pursuant to F.R.C.P. 23.

## Parties

2. Plaintiffs, Cowles, Clark, and Brooks are all citizens of Illinois who are current or former employees of Defendants.

3. Defendant, Big Apple, is an Illinois corporation owning and operating two restaurants located at 106 N. Larkin Avenue, Joliet, Illinois 60435, and 1425 Western Avenue, Chicago Heights, Illinois 60411. Big Apple was involuntarily dissolved by the State of Illinois in 2014.

4. Defendant Pete is the owner of Big Apple and controls the day-to-day operations of Big Apple including the pay given to all employees.

## Jurisdiction and Venue

5. Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

6. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

## Factual Allegations

7. Plaintiffs were employed as Servers by Defendants at the Joliet Big Apple location. Servers were typically paid on an hourly basis of $4.95 per hour plus tips.

8. Defendants have the policy of having the Hostess of the restaurant record the hours of servers. However, the Hostess leaves when the restaurant closes at 3:00 p.m., so she is not able to accurately record when servers finish their work.

9. Almost daily, Servers are required to stay past 3:00 p.m. to serve the remaining customers in the restaurant. However, the Defendants typically only pay Servers until 3:00 p.m. and any time worked after 3:00 p.m. is not recorded on time sheets. As a result, an hour's pay is lost for nearly every day the Plaintiffs worked.

10. Plaintiff Cowles brought this discrepancy to Pete's attention. Cowles told Pete that she did not believe it was proper for the servers to be shorted the hours they worked after 3:00 p.m. Pete responded that she would have to "prove it." Pete then proceeded to threaten Cowles's job because he told her "You'd better be glad that you have a f***ing job" or words to that effect.

11. Defendants also have a policy of automatically subtracting 30-minute breaks each day. However, Plaintiffs often do not take breaks. No break times were documented on any time sheets. Defendants simply subtracted 30 minutes from each day worked by Plaintiffs.

12. Defendants' own time records reveal that they have a policy of paying employees for less time than was worked. Employees were often paid less than the number of hours recorded on their time sheets and this also results in them not getting paid for all of the hours they work, including any in excess of 40 in each work week.

## **COLLECTIVE ALLEGATIONS**

13. Plaintiffs seeks to prosecute their FLSA claims as a collective on behalf of all hourly employees of Defendants in the State of Illinois within the three years preceding this lawsuit to the day of trial and elect to opt-in to this action pursuant to 29 U.S.C. § 216(b) and who worked uncredited and uncompensated hours.

14. Plaintiffs and other similarity situated current and former employees in the asserted class regularly worked after 3:00 p.m. These hours went uncredited and uncompensated

15. Plaintiffs and other similarity situated current and former employees in the asserted class regularly were not compensated due to Defendants' policy of automatically deducting a 30-minute break per day that were never taken or allowed.

16. At all times material to this Complaint, Defendants failed to comply with the FLSA and IMWL in that Plaintiffs and those similarly situated to Plaintiffs performed services for Defendants for which no provision was made by Defendants to pay Plaintiffs and similarly situated persons properly for all hours worked.

17. Plaintiffs and those similarly situated were entitled to full payment for all hours worked, even those which were unrecorded because of Defendants' policies.

18. There are estimated to be over 50 current and former employees within the asserted class for this collective action during the material time who are similarly situated to Plaintiffs. With such numbers of similar claims for unpaid compensation, a collective action is a superior procedure for adjudicating such claims. Plaintiffs request that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

19. The records, if any, should be in the custody or control of Defendants concerning the members of the asserted collective, the number of hours actually worked by Plaintiffs and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

20. Plaintiffs will fairly and adequately protect the interests of each proposed class member and have retained counsel that is experienced and competent in class/collective actions and employment litigation. Plaintiffs have no interest that is contrary to, or in conflict with, members of the collective.

## COUNT I – FAIR LABOR STANDARDS ACT
**(Plaintiffs Individually and on Behalf of All**
**Similarly Situated Employees Pursuant to 29 U.S.C. § 216)**

21. Plaintiffs hereby reallege and incorporate paragraphs 1 through 20 of this Complaint, as if fully set forth herein.

22. At all relevant times, Defendants employed and/or continued to employ Plaintiffs and each member of the proposed class of hourly employees within the meaning of the FLSA.

23. Defendants have a policy and practice of requiring employees to punch out and continue working on a nearly daily basis. Defendants also has a practice of automatically deducting breaks from time worked, even if breaks were not given or allowed. This results in Plaintiffs and other similarly situated hourly employees not receiving compensation or minimum wage or overtime for all of the hours they work.

24. Defendants' failure to pay Plaintiffs and similarly situated members of the proposed class compensation at a rate not less than the minimum wage is a violation of the FLSA, in particular, 29 U.S.C. § 206(a)(1).

25. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

26. Due to Defendants' FLSA violations, Plaintiffs allege on behalf of the members of the proposed class of hourly employees that they have suffered damages and are entitled to recover damages from Defendants.

27. WHEREFORE, Plaintiffs request the following relief, individually and on behalf of similarly situated employees:

A) Unpaid Compensation and Overtime;

B) An additional amount equal as liquidated damages;

C) Prejudgment interest; and

D) Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## COUNT II – ILLINOIS MINIMUM WAGE LAW
**(Plaintiffs Individually and on Behalf of All
Similarly Situated Employees Pursuant to Fed. R. Civ. Pro. 23)**

28. Plaintiffs hereby reallege and incorporate paragraphs 1 through 27 of this Complaint, as if fully set forth herein.

29. This count arises from Defendants' violation of the minimum wage compensation provisions of the IMWL, 820 ILCS § 105/1 et seq.

30. Under the IMWL, Defendants were and remain obligated to compensate Plaintiffs and similarly situated employees for all hours worked. For tipped employees, compensation must be paid at a rate of not less than $4.95 per hour.

31. During the 3 years prior to the filing of this Complaint, Plaintiffs and similarly situated employees were regularly required to work hours after 3:00 p.m., and were not compensated for such work.

32. Defendants also have a practice of automatically deducting 30-minute breaks even if the breaks were not taken by the employees.

33. By failing to pay compensation due to Plaintiffs and similarly situated employees, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires compensation to be paid to all non-exempt employees.

34. As a result of Defendants' policy and practice of withholding all compensation due, Plaintiff and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IMWL.

35. WHEREFORE, Plaintiffs request the following relief, individually and on behalf of similarly situated employees:

A) Certification of a class of similarly situated Plaintiffs defined as all current and former hourly employees of Defendants in the State of Illinois. The relevant time period is for work performed within the three (3) years preceding this lawsuit to the day of trial;

B) A declaratory judgment that Defendants violated the minimum wage provisions of the IMWL as to the Plaintiff and the Class;

C) A declaratory judgment that Defendants' violations of the IMWL were willful;

D) A judgment to Plaintiffs and the Class in the amount of unpaid wages;

E) A judgment to Plaintiffs and the Class of punitive damages as provided by IMWL;

F) A judgment to Plaintiffs and those similarly situated of reasonable attorneys' fees;

G) Costs incurred in filing this action; and

H) Such other and further relief as this Court deems appropriate and just.

### COUNT III
### VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT
**(Plaintiffs Individually and on Behalf of All
Similarly Situated Employees Pursuant to Fed. R. Civ. Pro. 23)**

36. Plaintiff hereby alleges and incorporates Paragraphs 1 through 35 as is fully set forth herein.

37. This count arises from CPT's violation of the IWPCA, 820 ILCS 115.

37. 820 ILCS § 115/4 provides in part that "[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned."

38. As a result of Defendants' policy and practice of time shaving and withholding pay in violation of the law, Plaintiff and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IWPCA when the payments are due.

39. 820 ILCS 115/14 provides the Plaintiff with statutory damages of 2% per month for when payments were not made and costs and all reasonable attorney's fees.

WHEREFORE, Plaintiffs request the following relief, individually and on behalf of similarly situated employees:

A) Certification of a class of similarly situated Plaintiffs defined as all current and former hourly employees of Defendants in the State of Illinois. The relevant time period is for work performed within the ten years preceding this lawsuit to the day of trial;

B) A declaratory judgment that Defendants violated the IWPCA as to the Plaintiff and the Class;

C) A declaratory judgment that Defendants' violations of the IWPCA were willful;

D) A judgment to Plaintiffs and the Class in the amount of unpaid wages;

E) A judgment to Plaintiffs and the Class of punitive damages as provided by IWPCA;

F) A judgment to Plaintiffs and those similarly situated of reasonable attorneys' fees;

G) Costs incurred in filing this action; and

H) Such other and further relief as this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint, including the FLSA claims.

Dated: August 5, 2016

Respectfully submitted,

By:/s/ Kimberly Hilton
One of Plaintiffs' Attorneys

David Fish
Kimberly Hilton
John Kunze
The Fish Law Firm, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60565
(630) 355-7590
dfish@fishlawfirm.com
khilton@fishlawfirm.com
kunze@fishlawfirm.com